**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 24-CR-** |
| **v.** | : | |
| | : | |
| **VEER CHETAL,** | : | **UNDER SEAL** |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INFORMATION AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying Criminal Information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a Criminal Information charging (1) a conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 and (2) a conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956(h). A copy of the Criminal Information and plea agreement are being provided to the Court under separate cover. This Information and plea agreement are related to Criminal Case Number 24-CR-417 (CKK), currently pending before this Court.

The sealing is necessary because the attached Information, plea agreement and related pleadings contain sensitive information, the disclosure of which would not be in the interest of either the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government in furtherance of this investigation in both a historical and proactive nature. The defendant has also agreed to testify against his co-conspirators who are before the Court in Criminal Case Number 24-CR-417 (CKK). Accordingly, it is essential that the fact of his pleading guilty be kept sealed for the time being.

Based on the nature of the criminal investigations with which the defendant will be involved, the government submits that public disclosure of the defendant's cooperation would likely compromise these criminal investigations by (1) placing the personal safety of the cooperating defendant at substantial risk as he continues to assist the government in a historical and proactive covert manner; (2) alerting potential targets of the investigations and giving them opportunities to destroy evidence of flee from law enforcement apprehension, and (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide testimony to the grand jury. Each of these factors is particularly important in this instance because of the sophisticated nature of this conspiracy. The investigation involves subjects located inside and outside of the United States. The subjects are technologically savvy and have the ability to rapidly destroy evidence if they believe law enforcement apprehension is imminent.

It is common practice for individuals associated with sophisticated conspiracies to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against current or former associates. It is common knowledge to criminal organizations that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise active criminal and grand jury investigations and

present a substantial risk to the personal safety of cooperating individuals, other law enforcement officials taking part in the investigations, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the Criminal Information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the government represents that it can continue its criminal investigations without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel Tezira Abe has been advised of the contents of this motion and has informed the undersigned prosecutor of her support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: *<u>/s/ Kevin L. Rosenberg</u>*
Kevin L. Rosenberg,
OH Bar No. 0081448
Assistant United States Attorney
United States Attorney's Office
601 D Street N.W.
Washington, D.C. 20530