UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VEER CHETAL,<br>     Defendant. | Criminal Action No. 24-494 (CKK)<br><br>**UNDER SEAL** |

**MEMORANDUM OPINION & ORDER**
(March 6, 2025)

On the Government's motion, the Court held a detention hearing pursuant to 18 U.S.C. § 3148(b) on March 5, 2025. For the reasons stated on the record, and as explained herein, the Court orally ordered that the [12] Order Setting Conditions of Release be **REVOKED** and further ordered that Defendant Veer Chetal be detained pending sentencing.

**I. BACKGROUND**

On November 13, 2024, Chetal pleaded guilty to a two-count [2] Information charging him with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). *See* Plea Agreement, ECF No. 9. After accepting Chetal's guilty plea, the Court ordered Chetal released pending sentencing under conditions of release. Order Setting Conditions of Release, ECF No. 12 ("Release Order"). Among other things, the Release Order required that Chetal surrender his passport to the Pretrial Services Agency. *Id.* at 2. The Release Order, which Chetal signed, further advised him that failure to comply with his release conditions "may result in the immediate issuance of a warrant for [his] arrest, [and] a revocation of [his] release." *Id.* at 4.

On January 24, 2025, the Government filed an *ex parte* Motion for Revocation of Release and Request that the Court Issue a Bench Warrant. ECF No. 13 (the "Motion" or "Mot."). That

1

Motion informed the Court of three important developments.  First, the Government alleged that Chetal engaged in additional, undisclosed criminal conduct during his plea negotiations with the Government.  *Id.* at 8–12.  Second, the Government informed the Court that Chetal had not surrendered his passport to Pretrial Services as ordered.  *Id.* at 12.  Third, the Government informed the Court that Chetal—who is not a U.S. citizen—had dropped out of college; that Chetal's father had lost his work visa; that, according to law-enforcement sources, Chetal had discussed travelling to a country with favorable extradition laws; and that Chetal had told the Government he planned to travel to India.  *Id.*  The Government requested that the Court issue a warrant for Chetal's arrest.

Later on January 24, and relying on the Government's representations, the Court issued a sealed, *ex parte* order granting the Government's Motion.  Order, ECF No. 14.  The Court ordered that a warrant for Chetal's arrest be issued and executed; that Chetal be temporarily detained under 18 U.S.C. § 3142(d) following his arrest; and that Chetal be transferred to the District of Columbia for a hearing on the revocation of his release.  *Id.* at 1–2.[1]

On January 28, Chetal was arrested in Connecticut.  *See* Arrest Warrant, ECF No. 22.  Later that day, he appeared before Magistrate Judge S. Dave Vatti of the U.S. District Court for the District of Connecticut.  *See* Rule 5(c)(3) Materials, ECF No. 23 at 2.  The record before the Court does not clearly relate what occurred before Magistrate Judge Vatti.  But Magistrate Judge Vatti ordered Chetal detained and remanded him to the custody of the U.S. Marshals Service for transfer to this District.  *Id.* at 3–4.

Chetal did not arrive in this District until March 3, 2025.  Neither the record nor the parties offer a clear explanation of the reason for this delay.  But upon learning of Chetal's arrival, the Court promptly ordered the parties to appear for a hearing.  Minute Order (Mar. 4, 2025).

---

[1] Under 18 U.S.C. § 3142(d), the Court "shall order" the temporary detention of a person on "release pending imposition or execution of a sentence" who "may flee or pose a danger to the community."

During the hearing, the parties jointly proposed that the Court order Chetal temporarily detained under 18 U.S.C. § 3142(d). But following further discussion, the parties agreed that the proper course of action would be revocation of release and an order of detention under 18 U.S.C. § 3148(b). The Government then orally moved for detention under Section 3148(b).

## II. ANALYSIS

An individual on release pending sentencing "is subject to a revocation of release" and "an order of detention" when he violates a condition of his release. 18 U.S.C. § 3148(a). On the Government's motion, the Court "shall enter an order of revocation and detention" if, after a hearing, the Court:

(1) finds that there is—

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

    (A) based on the factors set forth in section 3142(g) of [Title 18], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.* § 3148(b). Where, as here, the Government submits substantial new evidence to support its motion for detention, the Court conducts its review *de novo* and without deference to the initial order of release. *See United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021); *United States v. Maucha*, No. 21-cr-322, 2023 WL 4131016, at *2 (D.D.C. June 22, 2023) (CJN).

3

Here, the Court concluded that revocation of release was appropriate under Sections 3148(b)(1)(B) and (b)(2)(A). By its terms, Section 3148(b)(1)(B) requires that a finding that a defendant has violated a condition of release be supported by clear and convincing evidence. Section 3148(b)(2)(A) incorporates Section 3142(g)'s familiar four-factor analysis for determining whether a defendant is a flight risk or a danger to the community. Although the statute is silent as to the level of proof required to establish risk of flight, the U.S. Court of Appeals for the District of Columbia Circuit has held that such a finding need only be supported by a preponderance of the evidence. *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

Clear and convincing evidence supports the conclusion that Chetal violated a condition of his release. The Court ordered Chetal to surrender his passport to the Pretrial Services Agency. Release Order at 2. The Government proffered that Chetal did not do so as ordered. Mot. at 12. Without waiving his ability to later seek revocation of any order of detention under 18 U.S.C. § 3145(b), Chetal conceded at the hearing that he had violated this condition of his release.

Further, a preponderance of the evidence presently before the Court supports the conclusion that no condition or combination of conditions of release could reasonably assure Chetal's appearance. Each of the four Section 3142(g) factors compels that conclusion. And, again without waiving his right to later contest detention, Chetal conceded that this was the case at the hearing. The Court briefly surveys the four factors.

First, the nature and circumstances of the offense charged support detention. *See* 18 U.S.C. § 3142(g)(1). Chetal pleaded guilty to participating in a sophisticated digital fraud involving cryptocurrency. The inherently covert nature of this crime creates a risk that future frauds will go undetected. And Chetal faces a sentence with a Guidelines range of 235 to 293 months, creating a significant incentive to flee before sentencing. *See* Mot. at 14.

Second, the weight of the evidence against Chetal strongly supports detention. *See* 18 U.S.C. § 3142(g)(2). Chetal has already pleaded guilty to the Information.

Third, Chetal's history and characteristics support detention. *See* 18 U.S.C. § 3142(g)(3). Chetal is not an American citizen. He is unemployed. He is no longer enrolled in school. The Government proffered that his father no longer has a work visa to remain in the United States. The Government has further proffered that Chetal has discussed leaving the United States. And Chetal admits that he did not return his passport to Pretrial Services as the Court ordered.

Finally, "the nature and seriousness of the danger to any person or the community that would be posed by [Chetal's] release" support detention. *See* 18 U.S.C. § 3142(g)(4). Chetal has no evident history of violence or access to weapons. But he has admitted to engaging in a course of criminal conduct over an extended period of time. The Government has proffered that he continued to engage in such conduct while negotiating his plea. And Chetal's release creates a risk that he will further victimize members of the community.

For these reasons, and based on Chetal's concessions at the hearing, the Court concluded that a preponderance of the evidence supports the conclusion that Chetal is a flight risk. Because the Court also concluded that clear and convincing evidence showed Chetal violated a condition of his release, the Court revoked Chetal's Release Order and ordered him detained under 18 U.S.C. § 3148(b). The Court reiterates that, on an appropriate motion, the Court may revisit this conclusion and revoke or amend its oral order of detention. *See id.* § 3145(b).

\* \* \*

### III. CONCLUSION & ORDER

In light of the foregoing, and for the reasons explained at the hearing following the Court's oral order of detention, it is hereby:

**ORDERED** that the parties shall appear for a status hearing at 10:00 AM ET on April 2, 2025 in Courtroom 28A; and it is further

**ORDERED** that the parties shall file a Joint Status Report stating their positions on Chetal's continued detention on or before April 1, 2025. The parties are advised that a motion for revocation of a detention order "shall be determined promptly," 18 U.S.C. § 3145(b), and the parties are directed to provide the Court with the materials necessary to resolve such a motion at the April 2 hearing in the event such a motion is forthcoming.

**SO ORDERED.**

**Dated:** March 6, 2025

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge