# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **24-cr-494 (CKK)** |
| v. : | |
| : | |
| **VEER CHETAL,** : | |
| : | |
| Defendant. : | |
| : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE

The government continues to object to Mr. Chetal's release pending trial. The government reincorporates and largely relies on its previous motions and arguments. ECF Docs. 13, 20.

While the government initially believed that Mr. Chetal was involved with an October 2024 social engineering theft, it appears that he was not involved in the substantive theft. He did however receive approximately $200,000 in proceeds he knew to be stolen and received them from another social engineer with whom he had previously worked on large cryptocurrency thefts.

The government's concerns rest largely on the status of Mr. Chetal's current proceedings. He has entered a guilty plea and faces a significant guidelines sentencing range, 235-293 months incarceration. As the Court noted, he will face a term of incarceration and the government will certainly request a substantial term of incarceration. He and his family have no ties to the United States at this point and will either be removed or deported when their visas and sentences are complete. Considering the status of the case and the impending substantial prison sentence, Mr. Chetal has strong incentives to flee and little motivation to stay.

The government commends Mr. Chetal's new counsel's efforts to obtain release for a young man who has made impulsive and reckless decisions without considering the consequences of his actions. The government also commends Mr. Chetal for promptly admitting his violations

immediately after retaining new counsel and apologizing for this poor decision-making. All said, the concerns of flight continue. Any one of the uncharged Co-Conspirators, including those involved in the October 2024 theft, could easily pay for Mr. Chetal to flee the country in an effort to avoid him testifying against their Co-Conspirators in 24-cr-417. Admittedly, the government does not have evidence that this *would* happen, but it is not beyond reason to think that they would aid members of the enterprise by making Mr. Chetal's testimony unavailable through financial compensation. For these reasons, the most conservative approach to ensure Mr. Chetal's presence at sentencing and through trial in 24-CR-417 is to continue his pre-trial detention as the Court previously ordered.

Respectfully submitted,

JEANINE PIRRO
United States Attorney

By:   /s/ Kevin Rosenberg
KEVIN ROSENBERG
OHIO BAR 0081448
Assistant United States Attorney
Fraud, Public Corruption, and Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
Kevin.Rosenberg@usdoj.gov | 202-809-5351