IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Washington, DC)

UNITED STATES OF AMERICA,        CASE NO. 24-cr-494-CKK

v.

VEER CHETAL,

    Defendant.
_____/

**REPLY IN SUPPORT OF RENEWED MOTION
FOR READMISSION TO PRETRIAL RELEASE**

Comes now the Defendant, Veer Chetal ("Veer"), through undersigned counsel, and hereby files his Reply to the Government's Opposition to Defendant's Renewed Motion in Support of Readmission to Conditions of Pretrial Release.

As outlined in the Defendant's Renewed Motion (ECF. No. 34, at pp 4-5), despite the governments concerns stated in their response (Ecf. No. 37), there are sufficient conditions of release that will assure that the Defendant will not flee the jurisdiction of this Court. Any doubts raised by the government about the defendant failing to appear as required by this court, or by the government, under the terms of their cooperation agreement, are speculative at best.

In their response to the Defendant's renewed motion (Ecf. No. 37) the government's primary argument is risk of flight. They allege that this risk is related to, (1) the defendant and his family's immigration status, (2) his advisory sentencing guidelines range and (3) the speculation that a co-conspirator could pay the defendant to flee and not testify against them.

#104036531v1

**The Chetal's Immigration Status**

The Chetals have resided in the United States since 2010. At the time that he arrived in the United States, Veer was four years old and has known no other life outside of the United States. Despite the issues created by his now crime of conviction, he and his parents hope and plan to remain in the United States.

As stated in the Update Regarding Immigration/Visa Status (Ecf. No. 33), according to the immigration attorney retained by the Chetals to assist with the family's immigration status in the United States, "Sushil and Radhika are considered in authorized stay while their U visa is pending. Once they have the U visa they will be 'U Status.'" This same immigration attorney has confirmed that as of June 9, 2025, their U visa application shows that it has been received by USCIS and that an application has been made for work permits.

As of today's date, their immigration counsel has not received a rejection notice for the U visa application. More specific details regarding Mr. and Mrs. Chetal's U visa are contained at pp. 5-6 of Ecf. No. 30, including their work visa application. Therefore, currently, there are no concerns regarding the Chetal's visa status. Moreover, as victims in the case filed in Connecticut, Mr. and Mrs. Chetal have a vested interest in remaining in the United States to see that matter through.

**Advisory Sentencing Guidelines Range**

There is no disagreement that the defendant's Advisory Sentencing Guidelines range is significant. However, the Defendant's Advisory Sentencing Guidelines range remains the same as it was on November 13, 2024, when the government agreed to the defendant's pretrial release on a personal recognizance bond, with no co-signers, right after he had entered a guilty plea (See Ecf No. 12).

Apart from the lapse in judgment that occurred in October of 2024, to which he has admitted and accepted responsibility, the defendant has and continues to cooperate with the government in the hope that his cooperation will result in the government filing the appropriate motion pursuant to the terms set forth in paragraph 15 of his plea agreement (See, Ecf. No. 9).  The only way for Veer to receive that potential benefit is for him to continue to cooperate and remain in the United States for the duration of the time it will take to resolve the companion case (24-cr-417-CKK) and his own sentencing.

This is not an incentive to flee, it is an incentive to remain in the United States and complete his obligations under his plea agreement.  To do anything else would be to throw away what he has already accomplished and abandon any hope in seeing his potential sentence reduced.  If he fled while on pre-trial release, he would have to live the remainder of his life as a fugitive, facing decades of time in prison once he was apprehended.

**Speculation that a co-conspirator could pay the defendant to flee and not testify**

As the government has conceded in their response, it is mere speculation that a charged or uncharged co-conspirator would pay for the defendant to flee and fail to testify against them.  There is no evidence that such a plan is in place.

Six of the co-conspirators in the companion case (24-cr-417-CKK) have been released from custody on conditions of PTR; Hamza Doost (Ecf. No. 139 and 154), Marlon Ferro, Conor Flansberg, Evan Tangman, Joel Cortes, Tucker Desmond (*See Minute Entry dated June 20, 2025*).  All of these individuals have special conditions that prohibit their contact with any witness, including but not limited to Veer.  Furthermore, should any uncharged co-conspirator reach out to Veer to propose such an arrangement, Veer would be obligated to notify the government or be in

violation of his plea agreement. It is clear that no further lapse of judgment will be tolerated by this Court or the government.

### Request for Readmission to Pretrial Release

As previously stated, 18 USCS §3142(g) sets forth the factors that the Court should consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community.

Veer is a 19-year-old young man with no prior arrest or convictions, who has learned the consequences of failing to maintain candor with the Court, his parents, his counsel and the government. He is continuing to cooperate with the government under the conditions of his plea agreement, some of which is evident from the contents of the superseding indictment in Case No. 24-CR-417 (CKK)). He will now, more than ever before, abide with any and all conditions of pretrial release imposed on him.

Finally, one additional important changed condition has occurred since the Defendant has been remanded back into custody. His case has been unsealed and his parents are now fully aware of what has transpired. There can be no further deception by Veer over his parents, nor will they stand for any noncompliance by their son.

### Proposed Conditions of Release

The defendant believes that the following conditions will assure that he will not flee or pose a danger to the safety of the community:

- He has surrendered his passport and will not apply for another one.
- He will continue to cooperate with the government pursuant to the conditions set forth in his plea agreement.
- He will check in as required or requested by the FBI.
- His parents are prepared to sign a personal surety bond in the amount of $200,000 and place their home in Danbury, Connecticut as security for the personal surety bond.
- He will reside with his parents.
- His parents will also surrender their passports.

- His travel is restricted to the District of Connecticut and the District of Columbia, as required for debriefing, testimony, or future court dates.
- He will have a daily curfew from 5pm to 9am.
- He will be monitored by an electronic monitoring device.
- He will make bi-weekly reports to pretrial services.
- He will have no unmonitored access to the internet.

Should the Court not be satisfied by a curfew and electronic monitoring, then the defendant will agree to abide by the condition of house arrest, with electronic monitoring, or any other conditions that the Court wishes to impose.

Wherefore, the defendant is renewing his request that the Court enter an order readmitting the defendant to Pretrial Release.

Should the Court require a hearing to address any issue or concerns raised within this motion, counsel is prepared to appear before the Court in person, along with Mr. and Mrs. Chetal, to address those issues or concerns.

> Respectfully submitted,
> **JONES WALKER LLP**
> 201 S. Biscayne Blvd., Suite 3000
> Miami, FL 33131
> Telephone: (305) 679-5700
> Facsimile: (305) 679-5710
> By:     */s/David S. Weinstein*
>             David S. Weinstein
>             Florida Bar No. 749214
>             *Admitted Pro Hac Vice*

5

#104036531v1