IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Washington, DC)

UNITED STATES OF AMERICA,        CASE NO. 24-cr-494-CKK

v.

VEER CHETAL,

    Defendant.
_____//

## MOTION TO ALLOW INTERNET ACCESS WHILE PRETRIAL DETAINED OR FOR READMISSION TO PRETRIAL RELEASE

Comes now the Defendant, Veer Chetal ("Veer"), through undersigned counsel, and hereby files his Motion for Internet Access while he is Pretrial Detained or for Readmission to Conditions of Pretrial Release.

While the Court succinctly set forth its reason for denying the earlier filed motions for Readmission to Conditions of Pretrial Release, See ECFs 32 and 40, the Court's expressed several concerns regarding the defendant. These included (1) having something to occupy his time as he awaits sentencing, (2) the defendant and his family's immigration status and their ties to the United States and (3) the defendant's access to individuals, including former co-conspirators, who could supply funds that would allow the defendant to flee the jurisdiction of the Court. This motion addresses those concerns and the changed conditions that would allow the Court to either modify the existing conditions of pretrial detention or readmit the defendant to pretrial release.

### Online University Enrollment

Prior to his involvement in the instant matter, Veer had been attending Rutgers University in New Jersey. Veer has now enrolled in the University of Arizona Global Campus program to restart his college studies. His start date for the program is November 18, 2025.

However, in order to participate in the program, Veer has to have access to the internet. While his current pre-trial detention facility allows tablet and phone access so that he can communicate with the outside world, it does not provide the type of internet access to attend the University of Arizona Global Campus program. In fact, based on research conducted by undersigned counsel, no pre-trial detention facility provides that type of internet access.

Therefore, we would request that the defendant to be transferred to a facility that would allow him to participate in the University of Arizona Global Campus program or be readmitted to pre-trial release in the custody of his parents, which would allow him to participate in the University of Arizona Global Campus program.

**The Chetal's Immigration Status and Ties to the United States**

After emigrating to the United States in 2010, the defendant and his parents have planned to remain in the United States and have taken steps to do so.

Mr. and Mrs. Chetal's have applied for a U visa with Veer as their dependent. USCIS has accepted their applications for processing. In addition, Mr. Chetal still has an application pending for a work permit. Furthermore, as victims in the case filed in Connecticut, Mr. and Mrs. Chetal have a vested interest in remaining in the United States to see that matter through.

In addition, Veer's maternal grandfather passed away at the end of September. Despite this loss, Mrs. Chetal did not travel to India as that would have jeopardized her pending Visa application. As a result of the death of her husband, his maternal grandmother is coming to the United States to reside with her children, one of whom is a United States citizen, who will assist her in applying for permanent residency. This leaves no remaining ties to India for the Chetal family.

**Speculation that a co-conspirator could pay the defendant to flee and not testify**

As the Court is aware from the guilty pleas of four former co-conspirators in the companion case (24-cr-417-CKK), as well as the anticipated resolution of several other former co-conspirators (See Minute Order from October 16, 2025), there is little chance that a charged or uncharged co-conspirator would pay for the defendant to flee and fail to testify against them.  This includes two of the former co-conspirators, who at the time the Court denied the defendant's motion for Readmission to Conditions of Pretrial Release remained at large in the United Arab Emirates, have returned to the United States.  Moreover, there is no evidence that such a plan is in place.

These guilty pleas, as well as Veer's continued cooperation, while not guaranteeing a 5K1.1 motion filed on his behalf by the government, has put him in a positive position to reduce his sentencing exposure under the current Advisory Sentencing Guidelines range.

Doing anything other than abiding by modified conditions of pretrial detention or pretrial release would deprive Veer of any substantial assistance credit or acceptance of responsibility, as well as add the potential for obstruction of justice to be considered by this Court at the time of sentencing.

**Proposed Conditions of Release**

18 USCS §3142(g) sets forth the factors that the Court should consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community.

The defendant believes that the following conditions will assure that he will not flee or pose a danger to the safety of the community:

- He has surrendered his passport and will not apply for another one.
- He will continue to cooperate with the government pursuant to the conditions set forth in his plea agreement.
- He will check in as required or requested by the FBI.

#110079261v1

- His parents are prepared to sign a personal surety bond in the amount of $200,000 and place their home in Danbury, Connecticut as security for the personal surety bond.
- He will reside with his parents.
- His parents will also surrender their passports.
- His travel is restricted to the District of Connecticut and the District of Columbia, as required for debriefing, testimony, or future court dates.
- He will have a daily curfew from 5pm to 9am.
- He will be monitored by an electronic monitoring device.
- He will make bi-weekly reports to pretrial services.
- He will have no unmonitored access to the internet.

Should the Court not be satisfied by a curfew and electronic monitoring, then the defendant will agree to abide by the condition of house arrest, with electronic monitoring, or any other conditions that the Court wishes to impose.

Wherefore, the defendant is requesting that the Court enter an order allowing him to have internet access so that he can attend online classes or to readmit the defendant to Pretrial Release.

Undersigned counsel is prepared to appear before the Court in person, along with Mr. and Mrs. Chetal, at a hearing to address any issues or concerns raised within this motion.

> Respectfully submitted,
> **JONES WALKER LLP**
> 201 S. Biscayne Blvd., Suite 3000
> Miami, FL 33131
> Telephone: (305) 679-5700
> Facsimile: (305) 679-5710
> By:   */s/David S. Weinstein*
>         David S. Weinstein
>         Florida Bar No. 749214
>         *Admitted Pro Hac Vice*

#110079261v1