IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Washington, DC)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-cr-494-CKK |
| v. | |
| VEER CHETAL, | |
|     Defendant. | |
| _____// | |

**REPLY IN SUPPORT OF MOTION TO ALLOW INTERNET ACCESS WHILE PRETRIAL DETAINED OR FOR READMISSION TO PRETRIAL RELEASE**

Comes now the Defendant, Veer Chetal ("Veer"), through undersigned counsel, and hereby files his Reply in Support of his Motion for Internet Access while he is Pretrial Detained or for Readmission to Conditions of Pretrial Release.[1]

**Introduction**

At the time that the defendant filed his motion (ECF 41), his start date for the University of Arizona Global Campus program was November 18, 2025. However, in between the date of the government's reply (ECF 42) and this Court's Order (ECF 43), that start date had been extended to December 9, 2025. That start date has now been extended again until January 6, 2026.

However, given his current detection situation and the facilities in the DC metro area that house pre-trial detainees, the defendant still cannot identify a facility that has the required internet access to allow him to attend the Global Campus program. As such, the Court is correct that readmission to pretrial release is the only alternative available.

---

[1] This will also serve as a request for reconsideration of the Court's Order (ECF 43) entered on November 18, 2025.

#110543880v1

Accepting the burden of proof on the defendant to show that there is, "clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if he is released," *See* 18 U.S.C. § 3143(B), *United States v. Wiggins*, 613 F. Supp. 3d 348 (D.D.C. 2020) and *United States v. Kent*, 496 F. Supp. 3d 500 (D.D.C. 2020) Veer and his parents believe that he can meet that burden and that the Court can release the defendant prior to sentencing.

The nature and circumstances of Veer's offense of conviction is not a crime of violence. The violence associated with the conspiracy was that which was used against his parents in the related case filed and now expanded into a second superseding indictment in the District of Connecticut, (*See USA vs Borrero etal*, Case No. 24-cr-186-SVN and *USA vs Schwab etal*, Case No. 25-cr-30-SVN, charges including robber and kidnapping).

Therefore, Veer's current request for release now turns on whether he has, "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." *Wiggins, Id* at 354.

**The Government's Concerns**

In their Reply (ECF 42), the government reiterates the issues that prompted them to file their *ex parte* motion requesting the revocation of Veer's Release Order and a bench warrant for his arrest (ECF No. 13). Those are facts that occurred over a year ago and in part were related to Veer's then under seal cooperation. Yes, Veer had remained in touch with his former co-conspirators and behaved as he had in the past, as he had been asked to do so by the government, as part of his cooperation. His receipt and loss of funds through *BustaBit* is well documented but does not continue today. He has had no further contact with these individuals, unless instructed to do so by the government.

#110543880v1

The government also points to "additional co-conspirators [who] remain at large or [who are] not yet fully identified." Like many of the now arrested and released former co-conspirators, Veer has agreed to not have any contact with any of his former co-conspirators and has cooperated against these same individuals. There is no reason to believe that he would renew contact with them if he was released. With the exception of the issue related to *BustaBit*, the contact that he had prior to his current incarceration was when he was instructed to do so by the government.

Up until his arrest in Connecticut on January 28, 2025, Veer had been cooperating with the government and had returned to Washington DC to meet with AUSA Rosenberg and the FBI agents when he was asked to do so for debriefings and grand jury testimony. His father drove him there each time. He also attended online meetings with the government.

Finally, the government continues to incorrectly believe that Veer was planning to flee the jurisdiction of this Court. Veer wasn't planning to flee. He had told the government that his father had lost his job and therefore he couldn't study further at Rutgers University. As set forth in his March 31, 2025, Motion for Readmission to Pretrial Release (ECF 30), after Veer lost his H4 dependent visa status he was forced to withdraw from Rutgers University. Veer and his father began to explore college options outside of the United States, but he would not have completed that enrollment, nor would he have even attempted to depart and begin his studies, without permission from the government or the Court. His efforts connected with that process were short circuited by his arrest on the government's sealed bench warrant.

**The Chetal's Immigration Status and Ties to the United States**

According to their immigration counsel, as well as what is reflected in their Form I-797C, Notice of Action(s), dated October 21, 2025, the Chetal family has U visas, along with applications for employment authorization, pending with the United States Citizenship and Immigration

3

Services. These applications were received on June 9, 2025. Should the Court or the government require copies of the Form I-797C's, undersigned counsel will be glad to provide them.

Addressing the concerns raised about Veer's maternal grandmother, she is in fact staying with his parents at their home in Connecticut, which is the same house that is being proposed as collateral. This is where Veer would also reside if he was readmitted to pretrial release and allowed to resume his educational studies. If Veer violated any of the conditions of his release, that property would be forfeited, and his parents and grandmother would have no place to stay.

In addition, on October 28, 2025, a Sealed Superseding Indictment was filed in the robbery and kidnapping case in the District of Connecticut. That Superseding Indictment was unsealed on November 20, 2025, and an arraignment for one of the additionally charged defendants in that case is scheduled for December 11, 2025. Both Mr. and Mrs. Chetal remain committed to assist the government in the prosecution of that matter and to remain in the United States, along with their son, as part of that commitment. That is also the basis for their pending U-Visas.

**Conclusion**

While the Court believes that Veer's sentencing exposure under the current Advisory Sentencing Guidelines range provides him with the incentive to flee, his guilty plea, as well as his continued cooperation, while not guaranteeing a 5K1.1 motion filed on his behalf by the government, has put him in a positive position to significantly reduce that exposure. Doing anything other than abiding by conditions of pretrial detention or pretrial release would deprive Veer of any substantial assistance credit or acceptance of responsibility, as well as add the potential for obstruction of justice to be considered by this Court at the time of sentencing.

While the Court continues to express, "concerns of flight stemming from his recent history of deception," ECF 43 at p7, quoting from ECF No. 40 at pp 5-7, based on the present situation of

Veer and his family, these concerns can be allayed and counsel is prepared to appear before the Court in person, along with Mr. and Mrs. Chetal, at a hearing to address these concerns and would respectfully request that a hearing be set to do so.

All of the above facts constitute "exceptional reasons why his continued detention would not be appropriate" and present "clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if he is released."

Wherefore, the defendant is requesting that the Court reconsider its Order Denying his Motion to for Readmission to Pretrial Release.

        Respectfully submitted,
        **JONES WALKER LLP**
        201 S. Biscayne Blvd., Suite 3000
        Miami, FL 33131
        Telephone: (305) 679-5700
        Facsimile: (305) 679-5710
        By:    */s/David S. Weinstein*
                David S. Weinstein
                Florida Bar No. 749214
                *Admitted Pro Hac Vice*